**Curtiss VAN DYKE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–89–212–CR.**

Court of Appeals of Texas,
Eastland.

Oct. 18, 1990.

Joseph J. Finkel, Law Offices of Joseph J. Finkel, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

## OPINION

DICKENSON, Justice.

After his motion to suppress evidence was overruled, Curtiss Van Dyke waived his right to trial by jury and executed a stipulation of evidence. He was convicted of possession of less than 28 grams of cocaine [1] and sentenced to confinement for two years. We affirm.[2]

### Points of Error

Appellant presents two points of error, arguing:

---

**1.** Section 4.04 of the Controlled Substances Act, now codified as TEX.HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Pamph.1990), defines the offense and declares it to be a felony of the second degree.

**2.** This appeal was transferred from the 1st Houston Court of Appeals to this Court pursuant to TEX.GOV'T CODE ANN. § 73.001 (Vernon 1988).

■ The trial court erred in denying appellant's motion to suppress as there is no evidence or, alternatively, insufficient evidence to support the probable cause determinations required by TEX.CODE CRIM.PRO.ANN. art. 18.20, § 9(a)(2 and 4).

■ The trial court erred in denying appellant's motion to suppress as violations of Article 18.21 preclude the pen register information from being considered as evidence of probable cause [under Article 18.20] because:

A. The applicant lacked statutory authority to apply for installation of a pen register.

B. The application is unsworn and fails to include the name of the subscriber.

### *Relevant Facts*

The Texas Department of Public Safety obtained a court order for the use of a pen register[3] on a telephone at the liquor store where the three Atuesta brothers (Ernesto, Enrique, and Eduardo) were working.[4] Subsequently, based in part on information developed by the pen register and other information outlined in a sixty-page affidavit signed by Officer D.J. Hammonds, a district judge authorized the Department of Public Safety to intercept communications on this telephone line. One of those intercepted conversations caused the officers to learn the arrangements for a sale of cocaine from the Atuesta organization to ap-

pellant. Officers proceeded to the place agreed upon for the sale; after the sale was completed, appellant was stopped; and he and his passenger, Ronald Edward Knotek, were searched. Sixty grams of cocaine were recovered from Knotek's sock, and $700 in cash was recovered from appellant. There was no warrant for this arrest and search, but TEX.CODE CRIM.PRO. ANN. art. 14.03 (Vernon Supp.1990) authorizes a warrantless arrest of "persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony." Appellant and his passenger were released at that time. They were told that the stop was for a traffic offense and that the district attorney was refusing to file charges for the possession of cocaine because of the warrantless search. This was done in an attempt to avoid compromising the wiretap.

### *Probable Cause for Interception of Communications*

■ First, appellant argues that the evidence is insufficient to support the probable cause determination required by TEX. CODE CRIM.PRO.ANN. art. 18.20, § 9(a)(2 and 4) (Vernon Supp.1990).[5] No witnesses testified at the nonjury trial, but appellant signed an agreed stipulation that the witnesses would testify to the same evidence in trial as they had in the suppression hearing. The State argues that, by entering into an agreed stipulation of evidence at trial, appellant has waived error.

---

**3.** A pen register is a mechanical or electronic device that attaches to a telephone line and is capable of recording outgoing numbers dialed from that line but is not capable of recording communications. See TEX.CODE CRIM.PRO. ANN. art. 18.21 (Vernon Supp.1990).

**4.** The use of another pen register on the home of Ernesto Atuesta's common-law wife was authorized at this same time, but it is not at issue in this appeal.

**5.** This Article provides in relevant part that:
Sec. 9. (a) On receipt of an application, the judge may enter an ex parte order, as requested or as modified, authorizing interception of wire, oral, or electronic communications if

the judge determines from the evidence submitted by the applicant that:

\* \* \* \* \* \*

(2) there is probable cause to believe that particular communications concerning [an enumerated] offense will be obtained through the interception; [and]

\* \* \* \* \* \*

(4) there is probable cause to believe that the facilities from which or the place where the wire, oral, or electronic communications are to be intercepted are being used or are about to be used in connection with the commission of an offense or are leased to, listed in the name of, or commonly used by the person.

We disagree. While appellant agreed that the witnesses would testify to the same evidence, he did not agree to the truthfulness of the witnesses' testimony, nor did he waive his right to challenge the admissibility of the evidence. The record is clear that appellant intended to preserve his right to challenge the trial court's rulings on his motion to suppress evidence.

■■■ Probable cause under this statute should be measured by the "totality of the circumstances" test which was first stated in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and then adopted in *Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex.Cr.App.1988):

> The duty of the reviewing court is to look to the totality of the circumstances to determine if there exists a substantial basis for concluding that probable cause existed at the time of the questioned action.

The only evidence presented to the magistrate for the probable cause determination was the affidavit of Officer Hammonds. The affidavit details information gathered over a period of two years describing an organized cocaine distribution network. This information was received by Officer Hammonds from both identified and confidential informants who had direct contact with the Atuesta brothers. The affidavit also outlines the manner in which telephones and pagers were used by the distribution network. Once the Atuestas began operating the South Texas Liquor Store #2, the use of the their pagers declined. Further support for the conclusion that the South Texas Liquor Store #2 was being used as a front for drug distribution is the small number of customers who came to the store, some of whom were known cocaine dealers. Some of the phone numbers recorded by the pen register were identified as phone numbers belonging to drug-dealer-contacts of the Atuestas who had been named by the confidential informants. We hold that the affidavit from Officer Hammonds was sufficient to give the reviewing magistrate a substantial basis for concluding that there was probable cause that telephone "communications" concerning the distribution of cocaine would be obtained through the intercept. The first point of error is overruled.

### The Pen Register

■ In his second point of error, appellant argues that the pen register was not properly authorized by TEX.CODE CRIM. PRO.ANN. art. 18.21 (Vernon Supp 1990) and, therefore, none of the information secured from the pen register could be used to show probable cause for authorizing the interception of communications under Article 18.20. Appellant asserts that the application is flawed because an assistant district attorney filed it without making reference to the fact that the Department of Public Safety initiated the request. The record shows the application was requested by an officer, and the officer's affidavit was attached to the application. This satisfies the requirement of Article 18.21, § 2(a).

■ Appellant further alleges that the application is defective because it is unsworn. The statute states that the application must be in "writing under oath." The sworn affidavit of Officer Hammonds was attached to the application. This is sufficient to satisfy the "oath" requirement of Article 18.21, § 2(b).

■ Finally, appellant argues that the information derived from the pen register should not be considered in the probable cause determination for the wiretap because the application does not name the subscriber of the telephone number for which the pen register is requested. The application clearly sets out the address of the subscriber, but it fails to give the name of a person or business. However, the attached affidavit supplies the missing information. Moreover, the name of the subscriber is included in the order authorizing the use of the pen register. This is sufficient to satisfy the "name" requirement of

Article 18.21, § 2(b). We also note that the extension of the pen register order was valid under Article 18.21, § 2(f). The second point of error is overruled.

The judgment of the trial court is affirmed.